[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Appeal from West Haven Board of Assessment Review. (C.G.S. § 12-117a). The Appeal's complaint, as amended, requires focus upon the October 1991 valuation of property which plaintiff CT Page 1511 corporation came to own in 1995.
The City's total valuation was $455,000, spread over two adjoining parcels set, respectively, at $241,200 (420 Front Avenue)[1] and $213,800 (426 Front Avenue)[2].
Plaintiff's expert, Mr. George Sherwood, appraised the property and placed a value of $225,000 on the pair of properties as of October 1, 1991.
The City proffered Charles Liberti, like Mr. Sherwood, a licensed appraiser, who valued the parcels at a total $463,000[3], as of October 1, 1991.
The City chose to frame this litigation as one of opposingpresent-day appraisals looking back in time, as distinguished from an effort that would entail (or at least include) efforts to explain and validate the assessment actually made in 1991.
This court has determined that plaintiff-appellant taxpayer has met its initial burden of demonstrating overvaluation; Ireland v.Wethersfield, 242 Conn. 550 (1997); and the court has attempted to make its own best determination of the likely correct 1991 value, without now attributing a presumptive validity to the City's figure.
The Court begins with the ancient axiom that, as between two well put positions, the truth is likely to lie somewhere between. Given dueling appraisals, this court weighed their competing strengths and weaknesses from a place of centered balance.
Each qualified and impressive appraiser has persuasively undercut the valuation of his colleague and for the time being left the court to conclude that the half way point would be the resting point were the two appraisals equally meritorious. Said mid-point is $344,000.[4]
Closer scrutiny as to the positive aspects of plaintiff's appraisal gives it a somewhat more powerful gravitational pull most particularly because Mr. Sherwood had appraised this parcel on several prior occasions, including two within 14 subsequent months of the focus date (October 1991). These involved personal visits and conversation with a tenant.
A measure of additional weight was also afforded the CT Page 1512 plaintiff's appraisal due to care and detail perceived in the use of "comparables" and the various adjustments thereto.
This would be "worth" an analytical "edge" of about 30% over the persuasive power of the City's appraisal. The court, however, has backed down that advantage by 5% which seems fair as a result of the fact that none of the four prior Sherwood appraisals were proffered as corroboration of their ostensible persuasive strength.
The resultant meaning of a contention 25% more persuasive here translates to a valuation by this court of $258,000. That is to say, if the appraisals were equally weighted, the central point is $344,000. Tugging that mid-point downward toward plaintiff's contention by 25% off said center (an $86,000 amount) leads to a value of $258,000 for the pair of parcels.[5]
No weight was given to subsequent purchase prices. The parties disputed the admissibility thereof and the correct position seems to be that the information said later sales may provide is irrelevant to these properties and circumstances.
The parties are to take the court's October 1, 1991 valuation and compute the resulting changes necessary to subsequent challenged lists.
NADEAU, J.